HARRISON (NICHOLLS v.).  See Case No. 10,229.

HARRISON (RINEHART v.).  See Case No. 11,840.

## Case No. 6,140.

### HARRISON et al. v. ROWAN et al.

[Pet. C. C. 489.][1]

Circuit Court, D. New Jersey. April Term, 1818.

EQUITY PRACTICE — SERVICE OF PROCESS OUT OF STATE—AMENDMENT TO BILL.

1. The eleventh section of the judiciary act of the 24th of September, 1789 [1 Stat. 78], which relates to service of process, is not a denial of jurisdiction, but the grant of a privilege to the defendant not to be sued out of the state where he resides, unless he shall be sued with process in the state where the suit is brought.
[Cited in Kitchen v. Strawbridge, Case No. 7,854; Clarke v. New Jersey Steam Nav. Co., Id. 2,859; Romaine v. Union Ins. Co., 28 Fed. 639.]

2. But the defendant may wave that privilege by a voluntary appearance; yet if he plead the fact of his not having been served with process within the state where the cause has been commenced and the cause is set down for a hearing on this plea, on the equity side of the court, the docket entries showing a prior appearance by a solicitor of the court, cannot be taken notice of.
[Cited in Flanders v. Aetna Ins. Co., Case No. 4,852; Picquet v. Swan, Id. 11,135; Wilson v. Pierce, Id. 17,826; Lee v. Aetna Ins. Co., Id. 8,181; Winans v. McKean R. & Nav. Co., Id. 17,862; Romaine v. Union Ins. Co., 28 Fed. 631; Reinstadler v. Reeves, 33 Fed. 310.]

3. An amendment was allowed after argument, by which the plaintiff was allowed to traverse the fact of such an appearance having been entered.

This case came on upon a plea to the bill, which was set down by the plaintiffs [Josiah Harrison and others] for hearing. The bill respects land lying in New Jersey. The plea states that the defendants [Thomas Rowan and wife] are citizens and residents of Pennsylvania; that they were served with subpoenas in this cause in that state, and not in the state of New Jersey. It was contended in support of the plea, that the jurisdiction of this court is completely denied by the eleventh section of the judiciary act of the 24th of September 1789 (2 Laws [Bior. & D.] 60 [1 Stat. 78]). The following cases were cited: Hollingsworth v. Adams [Case No. 6,611]; Emory v. Greenough [Id. 4,471]. Against the plea, it was shown by the docket entries, that, after service of the subpoenas, the defendants' appearance was entered by a solicitor of this court; and that, after sundry orders made in the cause, ruling the defendants to answer, this plea was filed. It was contended, First. That the eleventh section does not apply to a case like the present, where the court has jurisdiction of the subject of the suit, and of the parties, they being citizens of different states, and where no other federal court can have jurisdiction, the subject of the suit, viz: land, lying within this state. Second. That the jurisdiction is not excluded, and that all that the defendants can claim, is personal exemption from

[1] [Reported by Richard Peters, Jr., Esq.]

being compelled to appear out of the state they live in, unless they were served with process in this state. But that they have waved this privilege by voluntarily appearing, and that it is not competent to them afterwards to retract the waver. They cited [Logan v. Patrick] 5 Cranch [9 U. S.] 288; [Massie v. Watts] 6 Cranch [10 U. S.] 148. It was further contended, that this was not a case within the eleventh section, because the subpoena is not an original process. The plaintiff has a right to file his bill, which in chancery is the first step, and the subpoena is merely notice to the defendant to appear and answer.

WASHINGTON, Circuit Justice. There is no doubt, but that this is a case to which the judicial power of the court extends within the meaning of the constitution, as well as the words of the eleventh section of the law referred to. It is a suit in equity, where the matter in dispute exceeds 500 dollars; and it is between a citizen of the state where the suit is brought, and a citizen of another state. That part of the section which respects the service of process, does not amount to an exception from the general grant of jurisdiction, but secures to parties residing out of the district in which the suit is brought, a privilege of not being liable to be served with process out of the district in which they reside, or of being compelled by such service to appear in any other district. The expressions used in the clause, respecting arrests, clearly import this and no more, and though the phraseology of the next clause seems more applicable to the case of jurisdiction, still it ought to receive the same construction, since the subject is the same, except that it applies to other modes of proceeding than that mentioned in the preceding clause. That the non-residence of the defendant does not affect the jurisdiction, is obvious from this, that service of the process at any time after it was taken out, and before the return day, gives to the court full possession of the cause; and yet the words of the clause are, that "no civil suit shall be brought," &c. But it appears to the court, that this construction is fully warranted by the decision of the supreme court, in the case of Logan v. Patrick, 5 Cranch [9 U. S.] 288. In that case, the suit in equity was brought in the circuit court of Kentucky, against a citizen and resident of Virginia, who was not served with process in Kentucky; nevertheless he appeared and answered, and the question was whether the court had jurisdiction of the cause. The supreme court decided in the affirmative. Now it is clear that if non-residence formed an objection to the jurisdiction, unless the process had been served in Kentucky, the subsequent appearance could not have given jurisdiction to the court. But being a mere matter of privilege, it was waved by a voluntary appearance which rendered the service of process unnecessary. And it must be remarked,

that this was not the case of an injunction merely, but the bill also prayed for a conveyance of the land in question.

It appears then, that this exemption from the service of process in a state other than that in which the defendant resides, or of being compelled to appear in a suit in another state, may be waved by the voluntary appearance of the party. But the question is, has such waver taken place in this case. The appearance of the defendants accompanied by a plea claiming the benefit of the privilege, cannot certainly amount to a waver of the privilege, inasmuch as they could not have pleaded the privilege without appearing. But the court is of opinion, that the previous voluntary appearance of the defendants at a former term by a solicitor of this court, unaccompanied by any objection, would amount to such a waver, if upon this plea stating that fact, the court could take notice of the docket entries. This we think cannot with propriety be done. Whether the defendant appeared or not, is a matter of fact which he may deny. His appearance was entered by a solicitor of the court. But was he authorised to do this? We think it would be improper to preclude an enquiry into this fact, by deciding it on pleadings which do not put it in issue. The plea therefore must be supported, unless the plaintiffs should move to amend. The plaintiffs made this motion, which was granted. The defendants also obtained a rule to show cause why the appearance should not be struck off, on the ground of its having been entered by mistake.

[NOTE. A demurrer to the bill for want of parties was sustained in Case No. 6,143, and the plaintiff given leave to amend. In Case No. 6,141 an issue devisavit vel non was tried, and a verdict rendered for the plaintiff. In Case No. 6,142 a new trial was awarded.]